IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ALBERTO CORTEZ | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv133 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Alberto Cortez, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Pursuant to a plea of guilty entered in accordance with a written plea agreement, movant was convicted of assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1). Movant was sentenced to 30 months of imprisonment, as provided for in the plea agreement. Movant did not appeal his conviction or sentence.

Grounds for Review

Movant asserts the following grounds for review: (1) there is newly discovered evidence in the form of a sworn affidavit and (2) he received ineffective assistance of counsel because counsel: (a) forced him to sign the plea agreement; (2) failed to object to a two-level increase in his offense level; (c) failed to review Bureau of Prisons policy and video footage and (d) filed an inadequate motion for discovery.

<u>Analysis</u>

*Movant's First Ground for Review*

Paragraph 8 of movant's plea agreement stated as follows:

**WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE:** Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the failure of the Court, after accepting this agreement, to impose a sentence in accordance with the terms of this agreement. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his conviction on direct appeal and under 28 U.S.C. § 2255, if the waiver is knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). The plea agreement will be upheld where the record clearly shows the defendant read and understood it and that he raised no question regarding any waiver-of-appeal provision. *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994).

In this case, movant does not contend that he did not read or understand the portion of his plea agreement relating to the waiver of his right to appeal. Nor does he contend he raised any questions regarding the waiver-of-appeal provision of the plea agreement. Movant's first ground for review does not assert that the court failed to impose a sentence in accordance with the terms of the plea agreement. Nor is it based on a claim of ineffective assistance of counsel. As a result, movant's first ground for review is barred from consideration in this proceeding.[1]

---

[1] This ground for review is based on newly discovered evidence in the form of an affidavit. The undersigned notes movant does not state who signed the affidavit. Nor does he describe what the affidavit says.

*Ineffective Assistance of Counsel*

A. <u>Legal Standard</u>

To prevail on an ineffectiveness of counsel claim, it must be shown that: (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). For a movant to demonstrate deficient performance, a strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance must be overcome. *Id.*; *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). To show prejudice, there must be a reasonable probability that but for counsel's professional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

B. <u>Application</u>

1. <u>Forced to Sign Plea Agreement</u>

Movant asserts counsel forced him to sign a plea agreement he did not want to sign. However, this assertion is not supported by the record.

The Plea Agreement contains the following sentence: "This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement." Moreover, during the plea hearing the court explained what movant was charged with and described what the government would have to prove if the case proceeded to trial. Movant was asked whether he understood the charge against him. He was also asked whether he was pleading guilty voluntarily, whether anyone was forcing him to plead guilty or had threatened or coerced him to plea guilty and whether any promises had been made to him other than those set forth in the plea agreement. Movant provided an affirmative response to each question.

Solemn declarations in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceeding. *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2005). The plea agreement and movant's statements at the plea hearing demonstrate his plea of guilty was voluntary and that his attorney did not force him to plead guilty. As a result, it cannot be concluded counsel was ineffective because he forced movant to plead guilty.

2. Failure to Object to Two-Level Increase in Offense Level

In connection with sentencing, movant's offense level was increased by two levels based on a finding that the victim sustained bodily injury.[2] Movant states there was no injury. However, he does not state he told counsel there was no injury or that counsel had any reason to suspect the victim was not injured. As a result, counsel's failure to object to this increase did not fall below an objective standard of reasonableness.

3. Failure to Review Policy and Video Footage

Movant also faults counsel for not reviewing Bureau of Prison policy and not watching video footage. However, movant does not state what policy counsel should have reviewed or how a review would have aided the defense. Nor does he explain how reviewing the footage would have helped counsel defend him. Accordingly, it cannot be concluded counsel's failure to review policy or watch video footage fell below an objective standard of reasonableness or cause movant to suffer prejudice.

4. Inadequate Motion for Discovery

Movant was accused of assaulting Case Manager T.N., Officer E.C. and Officer G.C. Movant asserts the motion for discovery filed by counsel was inadequate because it did not mention

---

[2] Section 2A2.4(b)(2) of the United States Guidelines provides for a two-level increase if the victim sustained bodily injury.

4

T.N.'s name.

The court entered a Scheduling Order which included orders regarding pretrial discovery and inspection. The record does not reflect that counsel filed a motion regarding discovery. Movant has failed to identify any piece of evidence that was improperly withheld from the defense. Movant has therefore failed to show he suffered any prejudice as a result of inadequate discovery.

## Recommendation

This motion to vacate, set aside or correct sentence should be denied.

## Objections

Objections must be (1) specific, (2) in writing, and (3) filed within 14 days after receiving a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 6th day of June, 2022.

_____
Zack Hawthorn
United States Magistrate Judge